06-2909-cr
U.S. v. Ramirez-Sucar

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: January 16, 2008                    Decided: February 20, 2008)

Docket No. 06-2909-cr

UNITED STATES OF AMERICA,

        *Appellee*,

        v.

ORLANDO RAMIREZ-SUCAR,

        *Defendant-Appellant.*

Before: KEARSE, LEVAL and CABRANES, *Circuit Judges.*

Defendant appeals from the sentence imposed by the United States District Court for the

Southern District of New York (Loretta A. Preska, *Judge*) after a plea of guilty to one count of

unlawfully entering the United States in violation of 8 U.S.C. § 1326 (a) and (b)(2).  We conclude

that the District Court did not err in refusing to find that the existence of "fast-track" departures

from Guidelines sentence calculations—available to those sentenced for immigration offenses in

some federal districts, but not the Southern District of New York—creates an unwarranted

sentencing disparity.

We affirm.

> CHARLES F. WILLSON, Nevins & Nevins, East Hartford, CT,
> *for Defendant-Appellant.*
>
> RANDALL W. JACKSON, Assistant United States Attorney
> (Michael J. Garcia, United States Attorney, Celeste L.
> Koeleveld, Assistant United States Attorney, *on the brief*),
> United States Attorney's Office for the Southern District of
> New York, New York, NY, *for Appellee.*

PER CURIAM:*

Defendant Orlando Ramirez-Sucar** ("defendant" or "Ramirez-Sucar") pleaded guilty to one count of violating 8 U.S.C. § 1326(a) and (b)(2) by entering the United States unlawfully after he had been deported following a conviction for an aggravated felony. The United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) sentenced him principally to a term of 42 months' imprisonment. On appeal, defendant argues that the District Court erred in not finding that the existence of "fast-track" departures from Guidelines sentence calculations—available to those sentenced for immigration offenses in some federal districts, but not the Southern District of New York—creates an unwarranted sentencing disparity.

We considered this question previously in *United States v. Mejia*, 461 F.3d 158 (2d Cir. 2006). In that case, we took note of Congress's determination that the availability of fast-track departures in some, but not all, federal districts "d[id] not create . . . unwarranted sentencing disparities." *Id.* at 163. Largely on that basis, we concluded that a "district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 164. In sum, we held in *United States v. Mejia* that such a departure was not *required*.

Defendant draws our attention to our recent decision in *United States v. Liriano-Blanco*, 510 F.3d 168 (2d Cir. 2007). In *Liriano-Blanco*, the district court had expressed an inclination to depart downward on the basis of an asserted disparity between fast-track and non-fast-track jurisdictions but concluded that it might not be *permitted* to do so by the Court of Appeals. *Id.* at 171. We noted that the district judge had sentenced Liriano-Blanco on the incorrect understanding that the defendant could appeal his sentence and thus raise on appeal the question of the asserted disparity.

* This published opinion replaces the summary order without precedential value filed on January 24, 2008.

** Petitioner was indicted under the name Orlando Ramirez-Suncar, but defense counsel has stated that his client's name is Orlando Ramirez-Sucar, which is also the name under which judgment was entered.

*Id.* at 173. Having concluded that Liriano-Blanco had in fact waived his right to appeal, we remanded in order to permit the district judge to impose the sentence that the judge would have imposed had the judge understood that Liriano-Blanco actually could not appeal. *Id.* at 175. We noted that, if the district judge wished to test whether such a departure was permitted, the judge could do so by departing and leaving the government to appeal. *Id.* at 174.

In the present case, Judge Preska made clear that she had no inclination to depart downward based on the availability of fast-track departures in certain other districts. Accordingly, it makes no difference whether a departure on that basis is or is not *permissible*, and our decision in *Liriano-Blanco* has no relevance to this appeal.

## CONCLUSION

Upon a review of the record and the relevant law, we detect no error in the District Court's sentencing of Ramirez-Sucar and therefore affirm the judgment of the District Court.