**UNITED STATES of America,**
Appellee,

v.

**Ruben MORENO–ROSARIO,**
Defendant–Appellant.

No. 06–5224–cr.

United States Court of Appeals,
Second Circuit.

Feb. 29, 2008.

---

Edward S. Zass, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Julian J. Moore, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief; Lev L. Dassin, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Ruben Moreno–Rosario pled guilty to one count of violating 8 U.S.C. §§ 1326(a) and 1326(b)(2) by entering the United States unlawfully following his deportation after a conviction for an aggravated felony. Based on his offenses of conviction and past criminal history, defendant faced a statutory maximum sentence of twenty years' imprisonment and a Guidelines–recommended range of 70 to 87 months' imprisonment. The District Court sentenced him principally to 70 months' imprisonment. He now appeals his sentence only. We assume the parties' familiarity with the facts and the procedural history of the case.

On appeal, defendant argues that his sentence is substantively unreasonable in light of (1) his mental health problems, (2) the non-violent nature of his prior crimes, and (3) the fact that, had he been prosecuted under a so-called "fast-track" program, he would most likely have received a considerably lower sentence. He also contends that (4) the applicable Sentencing Guidelines range is excessive because it "unreasonably used [his] criminal history to enhance ... his offense level as well as his criminal history score." Appellant Br. 15.

We considered and rejected a claim similar to defendant's third claim in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006), wherein we concluded that a "district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 164; *see also United States v. Ramirez–Sucar*, 517 F.3d 69 (2d Cir.2008) (accord). We considered and rejected a claim similar to defendant's fourth claim in *United States v. Torres–Echavarria*, 129 F.3d 692, 699–700 (2d Cir.1997) ("Because the Sentencing Commission's directive in section 2L1.2 [ (the Guidelines provision relating to the offense of unlawfully entering or remaining in the United States) ] ... is unambiguous, the district court committed no error in following it by considering [the defendant's] previous felony conviction both in the calculation of his base offense and in the calculation of his criminal history category.")

Defendant's third and fourth claim are, therefore, without merit.

 Turning to defendant's first and second claims, we note that, in reviewing a sentence for "substantive reasonableness, ... we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006). In conducting this review, we will decline to disturb a sentence unless the sentencing judge "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.) (modifications in original, internal quotation marks and citation omitted), *cert. denied* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006).

The record reveals that the District Court specifically considered all relevant 18 U.S.C. § 3553(a) factors—including defendant's mental health condition and the nature of his prior offenses—before concluding that defendant's conduct and personal circumstances warranted a sentence "at the lowest end of the guideline range but still within that range." Sentencing Transcript at 13. Accordingly, because the sentence imposed by the District Court neither exceeded the bounds of its allowable discretion nor rested on any error of law or fact, we cannot say that it was substantively unreasonable or unreasonably imposed.

We therefore AFFIRM the judgment of the District Court.