### UNITED STATES of America, Appellee,

v.

### Vernon PHILLIP, also known as Verdun Phillip, also known as Gergon Phillips, also known as Gerbon Phillip, Defendant–Appellant.

No. 07–1225–cr.

United States Court of Appeals, Second Circuit.

Oct. 3, 2008.

Barry D. Leiwant, New York, NY, for Appellant.

Avi Weitzman, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Vernon Phillip, who pleaded guilty to one count of reentering the United States after having been lawfully deported following a conviction for an aggravated felony and without having obtained permission from the Attorney General of the United States or his successor, the Secretary of Homeland Security, *see* 8 U.S.C. § 1326(a), (b)(2), appeals his 60–13 month prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for "reasonableness," 543 U.S. at 262, 125 S.Ct. 738 "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range,'" *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: first, we must "ascertain whether the sentence was administered without procedural error," *United States v. Williams*, 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," *Gall v. United States*, 128 S.Ct. at 597, by evaluating "whether the District Judge abused his discretion in determining

that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *id.* at 600.

We identify neither procedural nor substantive unreasonableness in this case. First, as Phillip himself concedes, his claim of substantive unreasonableness because of a sentencing disparity resulting from fast-track programs in other district courts, *see* 18 U.S.C. § 3553(a)(6), is foreclosed by our decision in *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006) ("We join other circuits in holding that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable" in light of 18 U.S.C. § 3553(a)(6).).

Second, to the extent Phillip asserts procedural error based on the district court's misapprehension of its authority to consider fast-track disparity in imposing sentence, we are not persuaded. While this Court has not yet addressed the question of "whether the district court has the authority to impose a non-Guidelines sentence in response to the fast-track sentencing disparity if it deems such a reduced sentence to be warranted," *United States v. Liriano–Blanco*, 510 F.3d 168, 172 (2d Cir.2007), even assuming we were to resolve the issue in Phillip's favor, we would not identify error. The record makes plain that the challenged sentence was imposed, not because the district court concluded it lacked authority to consider disparities between its court and fast-track districts, but because it did not think any such disparity warranted a sentencing reduction in this case. *See United States v. Hendry*, 522 F.3d 239, 242 (2d Cir.2008) (concluding that district court thought consideration of disparity caused by absence of fast-track program in sentencing was not foreclosed by *Mejia*, but finding such arguments for a sentencing reduction unpersuasive); *United States v. Ramirez–Sucar*, 517 F.3d 69, 70 (2d Cir.2008) (noting that because district court made clear

that it had "no inclination to depart downward based on the availability of fast-track departures in certain other districts," there was no need to resolve the question left open in *Liriano–Blanco* regarding district court's capacity to adjust for disparities created by fast-track).

Third, to the extent Phillips asserts that the district court was obliged to accord the availability of fast-track programs in other districts some weight in applying the parsimony clause, *see* 18 U.S.C. § 3553(a), *this Court in Hendry,* 522 F.3d 239, recently ruled that this argument is foreclosed by *Mejia.* In *Hendry,* we explained "in part why the sentencing disparities resulting from the existence of fast-track districts are not *per se* unwarranted" and also explained "why sentences in fast-track districts cannot be compared with sentences in non-fast-track districts in order to demonstrate that the latter are longer than necessary" as would be required to establishing that the district court violated the parsimony clause. *Hendry,* 522 F.3d at 242 (citing *Mejia,* 461 F.3d at 162).

The judgment of conviction is AFFIRMED.